Argued and submitted October 26, remanded for resentencing; otherwise affirmed November 25, 2009

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

NICHOLAS RAMON ONUSKANICH,
*Defendant-Respondent.*

Multnomah County Circuit Court
070331237; A137257

221 P3d 831

Doug M. Petrina, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General. With him on the reply brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Robin A. Jones, Senior Deputy Public Defender, argued the cause for respondent. With her on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Before Rosenblum, Presiding Judge, and Brewer, Chief Judge, and Deits, Senior Judge.

PER CURIAM

## PER CURIAM

The state appeals in this criminal case, raising various challenges to the trial court's imposition of sentence following defendant's convictions for attempted first-degree assault (Count 1), two counts of unlawful use of a weapon (Counts 2 and 3), and one count each of possession of methamphetamine and delivery of methamphetamine (Counts 4 and 5). Specifically, the state contends that the trial court erred in concluding that (1) it was precluded, under the principles announced in *Apprendi v. New Jersey*, 530 US 466, 490, 120 S Ct 2348, 147 L Ed 2d 435 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."), from determining whether defendant's convictions on Counts 1 through 3 counted as part of his criminal history for purposes of Counts 4 and 5; (2) it lacked authority under the rule of *Apprendi* to impose consecutive sentences based on facts found by the trial court rather than the jury; and (3) "the people of Oregon" were not the victim of defendant's drug offenses for consecutive sentencing purposes.

The issue raised by the state's second argument has since been resolved in the state's favor by the United States Supreme Court in *Oregon v. Ice*, 555 US ____ , 129 S Ct 711, 172 L Ed 2d 517 (2009) (judicial factfinding in support of consecutive sentences does not violate the Sixth Amendment). The trial court erred in its conclusion to the contrary. Because that error requires us to remand the case for resentencing, ORS 138.222(5)(a), and it is not certain that the other issues will again arise on remand, we decline to address them.

Remanded for resentencing; otherwise affirmed.